UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES MAY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 03-3539** |
| **GLOBALSANTAFE DRILLING COMPANY** | **SECTION: "S" (5)** |

### ORDER

The Motion for Judgment as a Matter of Law is denied. Considering all of the evidence, this court cannot say that the facts and inferences point overwhelmingly in favor of defendants, or that reasonable jurors could not have arrived at a contrary verdict. *Garcia v. Women's Hospital of Texas,* 97 F.3d 810, 812 (5th Cir. 1996).

The Motion for a New Trial is denied. The factual arguments on liability were submitted in support of the motion were fully and skillfully presented to the jury. The jury believed the plaintiff and his witnesses, and rejected the testimony of defendant's witnesses.

A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of evidence. *Williams v. Chevron U.S.A., Inc.,* 875 F.2d 501, 505 (5th Cir. 1989). When all evidence is viewed in the light most favorable to the jury's verdict, the verdict must stand unless the evidence points "so strongly and overwhelmingly in favor of one party that the court believes reasonable persons could not arrive at a contrary conclusion." *Jones v. Wal- Mart Stores, Inc.,* 870 F.2d 982, 987 (5th Cir. 1989).

The Motion for a Remittitur is denied. In this seven day jury trial, the jurors heard the

testimony of numerous medical experts presented by plaintiff and defendant.  They also heard the testimony of plaintiff regarding the extent of his injury and disability.  The jury accepted plaintiff's evidence and awarded the substantial damages.  The jury declined to award punitive damages.

"The damage award may be overturned only upon a clear showing of excessiveness or upon a showing that the jury was influenced by passion or prejudice."  *Eiland v. Westinghouse Electric Corp.*, 58 F. 3d 176, 183 (5th Cir. 1995).  "A verdict is excessive if it is 'contrary to right reason' or 'entirely disproportionate to the injury sustained.'"  *Id.*

Considering plaintiff's evidence, which the jury accepted, the award is not so large that this court should reduce it.  Additionally, the evidence presented by defendant is not so compelling that the interest of justice would require this court to make a reduction.  This award does not exceed any rational appraisal or estimate of the damages that could be based upon the evidence before the jury.  *Glazer v. Glazer,* 374 F.2d 390, 413 (5th Cir. 1967).

New Orleans, Louisiana, this  14th  day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**